OPINION
{¶ 1} Appellant, Denise Evy Miller, appeals the decision of the Butler County Common Pleas Court, Juvenile Division, to terminate her parental rights and grant permanent custody of her daughter to the Butler County Children Services Board ("BCCSB"). We affirm the decision of the juvenile court.
 {¶ 2} Appellant's biological daughter, Anna Rucker, was born on January 5, 2001. Appellant has a long history of chemical dependency. At Anna's delivery, appellant tested positive for marijuana and cocaine. Anna was born with pulmonary/cardiac problems and other developmental problems related to fetal alcohol syndrome and multidrug withdrawal syndrome. Anna's problems require continuing care and physical therapy.
 {¶ 3} On January 5, 2001, BCCSB filed a complaint alleging abuse, neglect and dependency on Anna's behalf. BCCSB has been involved with appellant and her other children since 1989. Appellant has given birth to five children other than Anna. One of appellant's children died from sudden infant death syndrome. All of appellant's five remaining children are in the custody of others as a result of her substance abuse problems and her numerous failed attempts to complete substance abuse treatment programs.
 {¶ 4} James Rucker, Anna's father, failed to appear in court for the permanent custody determination after being properly notified. His last appearance in court was on October 3, 2001. At that time, he indicated to the court that he was not seeking reunification with Anna. Rucker has not visited or supported Anna since she was placed in BCCSB's temporary custody. The court determined that Rucker abandoned Anna.
 {¶ 5} Anna was found to be a dependent child on May 24, 2001. BCCSB filed a motion for permanent custody on June 21, 2001. After a hearing, the trial court granted permanent custody of Anna to BCCSB on February 28, 2002. Appellant appeals the decision raising a single assignment of error as follows:
 {¶ 6} "THE TRIAL COURT'S DECISION TO GRANT BCCSB PERMANENT CUSTODY IS NOT SUPPORTED BY CLEAR AND CONVINCING EVIDENCE."
 {¶ 7} Appellant alleges that the evidence presented at trial does not support the conclusion that a grant of permanent custody to BCCSB is in Anna's best interest. Appellant argues that Anna's best interest would be served through a grant of permanent custody to her, the child's mother.
 {¶ 8} Natural parents have a constitutionally protected liberty interest in the care and custody of their children. See Santosky v.Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388. A motion by the state for permanent custody seeks not merely to infringe upon that fundamental liberty interest, but to end it. Id. at 759, 102 S.Ct. at 1397. In order to satisfy due process, the state is required to prove by clear and convincing evidence that the statutory standards have been met. Id. at 769, 102 S.Ct. at 1403. Clear and convincing evidence requires that the proof produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Rodgers (2000),138 Ohio App.3d 510, 519, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} Before granting permanent custody of a child to the state, the trial court is required to make specific statutory findings. The reviewing court must determine whether the trial court followed the statutory factors in making its decision or abused its discretion by deviating from the statutory factors. In re William S., 75 Ohio St.3d 95,101, 1996-Ohio-182. First, the agency must demonstrate that "it is in the best interest of the child to permanently terminate parental rights and grant permanent custody to the agency that filed the motion." R.C.2151.414(A)(1). In making this best interest determination, the trial court must consider all relevant factors, including, but not limited to, the following factors enumerated in R.C. 2151.414(D):
 {¶ 10} "(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 11} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 12} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 13} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 14} "(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child."
 {¶ 15} Second, the agency must show that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. With respect to the determination of whether a child cannot be placed with either parent within a reasonable time, or should not be placed with his parents, the factors to be considered pursuant to R.C. 2151.414(E) include the following:
 {¶ 16} "* * *
 {¶ 17} "(10) The parent has abandoned the child.
 {¶ 18} "(11) The parent has had parental rights involuntarily terminated pursuant to this section or section 2151.353 or 2151.415 of the Revised Code with respect to a sibling of the child.
 {¶ 19} "(12) The parent is incarcerated at the time of the filing of the motion for permanent custody or the dispositional hearing of the child and will not be available to care for the child for at least eighteen months after the filing of the motion for permanent custody or the dispositional hearing."
 {¶ 20} In her assignment of error, appellant specifically argues that granting permanent custody to BCCSB is not in the best interest of Anna. In support of this contention, appellant notes that she is attending Alcoholics Anonymous sessions and "that the interaction has been generally good between [appellant] and [Anna] and no problems have been noted in this regard." Appellant maintains that "with the help of an appropriate substance abuse program, the best interest of [Anna] will be served by a grant of legal custody to her."
 {¶ 21} The trial court carefully considered each statutory factor and made relevant findings supported by the record. Anna has been in foster care from birth. See R.C. 2151.414(D)(3). At the time of the final hearing, Anna had been in foster care with the same family for 14 months. See id. The trial court found that Anna had bonded with her foster family. See R.C. 2151.414(D)(1). Furthermore, the trial court found that Anna needed a legally secure placement, which the foster family could provide. The trial court noted that the foster family "has taken Anna to all of her appointments at Children' [sic] Hospital for her pulmonary/cardiac problems * * * [and has] worked with Early Intervention and MRDD to keep Anna developmentally on track." See R.C. 2151.414(D)(4).
 {¶ 22} Conversely, appellant ceased exercising visitation with Anna in August 2001 because she had an outstanding warrant for parole violations and she feared being apprehended if she exercised visitation. See id. Although appellant states that she has completed drug and alcohol abuse treatment, she has done so before and has relapsed within days after leaving the treatment program. Appellant's history of substance abuse dates back more than 15 years. See R.C. 2151.414(D)(4). Appellant's pattern of drug and alcohol abuse has caused all of her children to be placed in the custody of others. See R.C. 2151.414(E)(11). As a result, the court stated it would require appellant "to engage in treatment and maintain sobriety for at least one year before the court would consider reunification." The trial court also noted that appellant was incarcerated in October 2001 and was not scheduled to be released from jail until November 2002. See R.C. 2151.414(E)(12). As a result of appellant's incarceration and substance abuse treatment, the trial court found that appellant would not be available to care for Anna for a period of more than 18 months. See R.C. 2151.414(E)(12). Consequently, Anna cannot be placed with appellant within a reasonable time. Furthermore, Anna's father has abandoned her. See R.C. 2151.414(E)(10). The future well-being of a child dictates that "the child need not wait any longer than necessary for its mother or father to assume his or her rightful responsibilities." In Re McCrary (1991), 75 Ohio App.3d 601, 609. Therefore, where a parent has "repeatedly exhibited behavior which adversely affects [the child], * * * the parent's right to [the child] is properly subordinated." Id. Finally, Anna's guardian ad litem strongly advocated that BCCSB's permanent custody motion be granted. See R.C.2151.414(D)(2).
 {¶ 23} Based on our review of the factors in R.C. 2151.414 and all relevant evidence in the record, we find clear and convincing evidence to support the trial court's finding that placement of Anna in the permanent custody of BCCSB was in her best interest and met the criteria set forth in R.C. 2151.414. We conclude that the trial court did not abuse its discretion. See In re William S., 75 Ohio St.3d 95, 1996-Ohio-182. Therefore appellant's single assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and VALEN, J., concur.